NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD ROY SCOTT, | No. 23-35152 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05785-RBL |
| v. | |
| VAN HOOK, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 18, 2025**

Before: SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Washington state civil detainee Richard Roy Scott appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

Fourteenth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo cross-motions for summary judgment. *Guatay Christian*

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendant on Scott's claims of constitutionally inadequate medical care, unsafe conditions, and inadequate food because Scott failed to raise a genuine dispute of material fact as to whether defendant's conduct fell below the professional judgment standard and whether he was not provided adequate food. *See Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016) (under Fourteenth Amendment professional judgment standard that applies to civil detainees, a professional's decision is presumptively valid and liability may be imposed only when the decision is a substantial departure from the accepted professional judgment, practice, or standards); *see also Youngberg v. Romeo*, 457 U.S. 307, 315 (1982) (persons who have been involuntarily committed retain substantive liberty interests under the Fourteenth Amendment, which includes the right to adequate food).

The district court did not abuse its discretion by denying Scott's requests for appointment of counsel, a special master, or discovery. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel); *United States v. Suquamish Indian Tribe*, 901 F.2d 772, 774-75 (9th Cir. 1990) (setting forth standard of review and "exceptional condition" requirement for appointment of a special master); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)

(setting forth standard of review for a district court's discovery rulings).

**AFFIRMED.**